UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE CURTIS,

        Plaintiff,                         Hon. Jane M. Beckering

v.                                           Case No. 1:22-cv-266

UNKNOWN BURGESS, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

      This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 33). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this action terminated.

**BACKGROUND**

      Plaintiff initiated this action against Unknown Burgess and Unknown Spencley, the Warden and Business Office Manager, respectively, of the Oaks Correctional Facility. Plaintiff alleges that he received $2,000 in COVID-related stimulus payments, which were improperly garnished to satisfy various court-ordered financial obligations. Plaintiff seeks declaratory relief as well as $120,000 in damages. Defendants now move for summary judgment. Plaintiff has failed to respond to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

-1-

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot

merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## ANALYSIS

### I. Defendants are Entitled to Summary Judgment

In his complaint, Plaintiff has failed to advance any factual allegations against either defendant. Instead, Plaintiff repeatedly alleges that the "prison" or "court" took actions that violated his rights. Defendants have both presented evidence that they had no personal involvement in processing payments to or from Plaintiff's prison trust account. (ECF No. 34 at PageID.173-87). As Defendants indicate, matters involving prisoner trust accounts are instead managed by a separate and distinct unit of the Michigan Department of Corrections. (*Id.*). Plaintiff has presented no evidence to the contrary. Defendants have demonstrated, therefore, the absence of factual dispute on the question whether they were involved in the matters giving rise to Plaintiff's claims.

Accordingly, the undersigned recommends that Defendants' motion for summary judgment be granted.

## II.  Waiver

Failure by a plaintiff to respond to a motion for summary judgment constitutes a forfeiture of the claims to which the motion is addressed.  *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir., July 29, 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim").  Likewise, opposition to a motion for summary judgment is waived, and dismissal appropriate, where the plaintiff fails to respond thereto.  *See Humphrey v. United States Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir., May 15, 2008) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Allen v. NCL America LLC*, 741 Fed. Appx. 292, 295-96 (6th Cir., July 10, 2018) (by failing to respond to motion to dismiss, plaintiff waived opposition thereto); *Moody v. CitiMortgage, Inc.*, 32 F.Supp.3d 869, 875 (W.D. Mich. 2014) ("[a] plaintiff must oppose a defendant's motion to dismiss or otherwise respond or he waives opposition to the motion"); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F.Supp.3d 619, 631 (W.D. Mich. 2015) (same).

Because Plaintiff has failed to respond to Defendants' motion, the undersigned recommends, in the alternative, that Defendants' motion for summary judgment be granted on the ground that Plaintiff has simply waived opposition thereto.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 33) be granted and this action terminated. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 6, 2023

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge